■ William E. Attivissimo III, Respondent, v David B. Kugler, Appellant. [641 NYS2d 730] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), dated July 14, 1995, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We agree with the Supreme Court that the defendant met his initial burden of demonstrating that the plaintiff did not sustain a serious injury. Once a defendant submits evidence demonstrating the lack of a serious injury, the burden shifts to the plaintiff to come forward with sufficient evidence to overcome the defendant's motion (*see, Gaddy v Eyler,* 79 NY2d 955). In finding that the plaintiff met this burden, the Supreme Court improperly relied upon the unsworn medical report of the plaintiff's own examining physician (*see, Pagano v Kingsbury,* 182 AD2d 268). The remaining evidence submitted by the plaintiff was insufficient to create an issue of fact (*see, Gaddy v Eyler, supra; Rhind v Naylor,* 187 AD2d 498; *O'Neill v Rogers,* 163 AD2d 466; *Konco v E.T.C. Leasing Corp.,* 160 AD2d 680). Thus, summary judgment should have been granted to the defendant (*see,* Insurance Law § 5104 [a]; *Licari v Elliott,* 57 NY2d 230). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.