■ DONNA MIRRO, Appellant, v ELITE CAR AND LIMO et al., Respondents. [654 NYS2d 610] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (G. Aronin, J.), dated March 1, 1996, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated May 20, 1996, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to meet her burden of establishing that she had suffered a serious injury, since she submitted, in large part, only her self-serving affidavit and the unsworn and outdated medical report of her treating physicians *(see, Gaddy v Eyler,* 79 NY2d 955, 956-957; *see also, Licari v Elliott,* 57 NY2d 230, 235; *Pagano v Kingsbury,* 182 AD2d 268, 270). She failed to offer any admissible evidence of the duration of her alleged impairment *(see, Traugott v Konig,* 184 AD2d 765; *see also, Beckett v Conte,* 176 AD2d 774), and there was no evidence that she was prevented from performing substantially all of the material acts which constitute her usual and customary daily activities *(see, Rhind v Naylor,* 187 AD2d 498, 499). Moreover, the only physician's affirmation submitted by the plaintiff was "limited to conclusory assertions tailored to meet statutory requirements", and thus, cannot defeat a summary judgment motion *(Lopez v Senatore,* 65 NY2d 1017, 1019). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.