■ Carolina Buonaiuto, Respondent, v Richard S. Shulberg et al., Defendants and Issam El-Achkar, Appellant. (And a Third-Party Action.) [679 NYS2d 89] —In an action to recover damages for personal injuries, the defendant Issam El-Achkar appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated October 28, 1997, as denied his cross motion for summary judgment

dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The appellant submitted a copy of the medical report of the plaintiff's treating physician which established that the plaintiff has not suffered a serious injury within the meaning of Insurance Law § 5102 (d). In opposition to the appellant's cross motion for summary judgment, the plaintiff submitted an unsworn and unsigned purported affidavit and an unsworn medical report of her examining physician. These documents do not constitute competent proof in admissible form and should not have been considered by the Supreme Court (*see, Mirro v Elite Car & Limo,* 236 AD2d 451; *Attivissimo v Kugler,* 226 AD2d 658; *Friedman v U-Haul Truck Rental,* 216 AD2d 266; *Bonsu v Metropolitan Suburban Bus Auth.,* 202 AD2d 538; *Pagano v Kingsbury,* 182 AD2d 268). Furthermore, the plaintiff's own subjective complaints in her sworn affidavit are insufficient under the circumstances to meet the statutory requirement of serious injury (*see, Scheer v Koubek,* 70 NY2d 678; *Bonsu v Metropolitan Suburban Bus Auth.,* 202 AD2d 538, *supra*; *Beckett v Conte,* 176 AD2d 774).

Moreover, the plaintiff failed to demonstrate that she was prevented from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Licari v Elliott,* 57 NY2d 230; *Ciaccio v J&R Home Improvements,* 149 AD2d 558; *De Fillippo v White,* 101 AD2d 801). Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.