■ PASCHELLE HOLDER et al., Respondents, v BETTY J. BROWN, Appellant, et al., Defendants. [796 NYS2d 641]—

In an action to recover damages for personal injuries, the defendant Betty J. Brown appeals, as limited by her notice of ap-

peal and brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated May 19, 2004, as denied that branch of her cross motion which was for summary judgment dismissing the complaint on the ground that the plaintiff Paschelle Holder did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff Paschelle Holder did not sustain a serious injury is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The affirmations of the appellant's examining physicians were sufficient to make a prima facie showing that the plaintiff Paschelle Holder (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). However, contrary to the Supreme Court's determination, the plaintiff's opposition failed to overcome the defendant's prima facie showing. The unaffirmed medical reports were without any probative value (see Pagano v Kingsbury, 182 AD2d 268, 270 [1992]; Grasso v Angerami, 79 NY2d 813, 814 [1991]), and the affirmation of the treating physician merely parroted the statute without providing any objective medical evidence of a serious injury (see Carroll v Jennings, 264 AD2d 494 [1999]; Kauderer v Penta, 261 AD2d 365 [1999]; Powell v Hurdle, 214 AD2d 720 [1995]; Giannakis v Paschilidou, 212 AD2d 502 [1995]). Moreover, the plaintiff failed to submit any competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days following the subject accident as a result of the accident (see Sainte-Aime v Ho, 274 AD2d 569 [2000]; Jackson v New York City Tr. Auth., 273 AD2d 200 [2000]; Greene v Miranda, 272 AD2d 441 [2000]; Arshad v Gomer, 268 AD2d 450 [2000]; Bennett v Reed, 263 AD2d 800 [1999]; DiNunzio v County of Suffolk, 256 AD2d 498, 499 [1998]).

Accordingly, the appellant was entitled to summary judgment dismissing the complaint insofar as asserted against her. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.