■ NADIA VISHNEVSKY et al., Respondents, v JAY L. GLASSBERG, Appellant. [815 NYS2d 152]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated October 29, 2004, which granted reargument, vacated its prior order dated February 20, 2004, granting the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiffs Nadia Vishnevsky and Mustafa Huseinovic did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied the defendant's motion.

Ordered that the order is modified, on the law, by deleting the provisions thereof, upon reargument, vacating the order dated

February 20, 2004, and denying the defendant's motion for summary judgment and substituting therefor a provision, upon reargument, adhering to the prior determination in the order dated February 20, 2004, granting the defendant's motion for summary judgment; as so modified, the order is affirmed, with costs to the defendant.

The Supreme Court providently exercised its discretion in granting reargument (*see generally Foley v Roche,* 68 AD2d 558, 567-568 [1979]) but erred in failing to adhere to its prior determination. The defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that neither plaintiff, as a result of the accident, sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]). In opposition, the plaintiffs failed to come forward with admissible evidence sufficient to raise an issue of fact (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 357-358 [2002]; *Grossman v Wright,* 268 AD2d 79, 83-85 [2000]). Specifically, Dr. Etkind's medical reports, which the plaintiffs relied upon in opposition, were unsworn and thus without probative value (*see Hernandez v Taub,* 19 AD3d 368 [2005]; *Holder v Brown,* 18 AD3d 815, 816 [2005]). The plaintiffs also relied upon the affirmations of Dr. St. Hill, who impermissibly relied upon the unsworn reports of another doctor. Therefore, the plaintiffs may not rely on Dr. St. Hill's affirmation to defeat the motion for summary judgment (*see Magarin v Kropf,* 24 AD3d 733, 734 [2005]; *Mahoney v Zerillo,* 6 AD3d 403 [2004]; *Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]). The operative reports the plaintiffs submitted in opposition failed to causally relate the plaintiffs' injuries to the accident and, thus, were inadequate to raise any issue of fact (*see Bucci v Kempinski,* 273 AD2d 333 [2000]; *Waaland v Weiss,* 228 AD2d 435, 436 [1996]).

In opposition to the defendant's prima facie demonstration, the plaintiffs did not submit any competent medical evidence which would raise a triable issue of fact that either plaintiff was unable to perform substantially all of his or her daily activities for not less than 90 of the first 180 days subsequent to the accident (*see Davis v New York City Tr. Auth.,* 294 AD2d 531 [2002]; *Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]).

In light of our determination, the defendant's remaining contention has been rendered academic. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.