■ JOSEPH FERENCZI et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [826 NYS2d 329]—

In an action to recover damages for personal injuries, etc., the defendant appeals from (1) a decision of the Supreme Court, Kings County (Hubsher, J.), dated September 14, 2004, and (2) an order of the same court dated December 1, 2004, which, upon the decision, granted the plaintiffs' motion for reargument, upon reargument, vacated a prior order of the same court dated July 22, 2004, granting the defendant's cross motion for summary judgment dismissing the Labor Law § 240 (1) cause of action and denying the plaintiffs' motion for summary judg-

ment on the issue of liability on the Labor Law § 240 (1) cause of action, and, in effect, denied the defendant's cross motion for summary judgment dismissing the Labor Law § 240 (1) cause of action, and granted the plaintiffs' motion for summary judgment on liability on the Labor Law § 240 (1) cause of action.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof upon reargument, vacating the order dated July 22, 2004, and, in effect, denying the defendant's cross motion for summary judgment dismissing the Labor Law § 240 (1) cause of action and granting the plaintiffs' motion for summary judgment on liability on the Labor Law § 240 (1) cause of action, and substituting therefor a provision, upon reargument, adhering to the prior determination in the order dated July 22, 2004; as so modified, the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff Joseph Ferenczi alleges that he was injured when he fell from an elevated pedestrian walkway at the Brooklyn Marine Terminal, a site owned by the defendant. The defendant leased the subject site to nonparty American Stevedoring, Inc., which subleased it to nonparty Yonkers Contracting, Inc. (hereinafter Yonkers Contracting), Ferenczi's employer. Yonkers Contracting was in the process of fabricating the pedestrian walkways at the site, and while undergoing construction, the walkways were elevated on top of pillars. Following completion, the walkways were to be attached to the Williamsburg Bridge.

The accident occurred on Friday, August 3, 2001. On that day, the Yonkers Contracting foreperson called the end of work for the day at 2:20 P.M. Ferenczi testified at his deposition that at that point, "[e]veryone was running crazy to get out of there." He retrieved his lunch bag, and walked approximately 300-350 feet to a "Port-a-Potty" area. Along with two co-employees, he checked some crab traps that had been set earlier in the day. After checking the traps, Ferenczi got into his truck, and realized that he did not have his cell phone. He thought that he may have left it on an elevated walkway. Ferenczi drove to the other side of the lot, "to make sure the lot was secured," and on the way, he stopped at the walkway he had been working on that day. He climbed up onto the walkway, and retrieved his phone. He then lost his footing, and fell from the walkway to the ground, injuring his right arm and shoulder. Ferenczi testified that other than to retrieve his cell phone there was no reason why he returned to the walkway after the foreperson called the end of work for the day.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting reargument (*see Vishnevsky v Glassberg*, 29 AD3d 680 [2006]; *Foley v Roche*, 68 AD2d 558, 567-568 [1979]). However, once it did so, it erred in failing to adhere to its prior determination (*see Vishnevsky v Glassberg*, 29 AD3d 680 [2006]). The defendant made a prima facie showing of entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action. At the time of his accident, Ferenczi was not engaged in an enumerated activity protected under the statute (*see Jock v Fien*, 80 NY2d 965, 967-968 [1992]). In opposition to the motion, the plaintiffs failed to raise a triable issue of fact. While we are not to "isolate the moment of injury" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]), in determining whether an injured worker is engaged in an activity protected under Labor Law § 240 (1), we conclude, under the circumstances presented, that the injury occurred after the completion of any work that conceivably could have been covered under Labor Law § 240 (1) (*see Beehner v Eckerd Corp.*, 3 NY3d 751, 752 [2004]). Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.