■ PEDRO MARTE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [677 NYS2d 152] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated September 29, 1997, which granted the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint on the ground that the plaintiff failed to sustain a serious injury within the meaning of Insurance Law § 5102.

Ordered that the order is affirmed, with costs.

The medical reports prepared by the plaintiff's examining physicians which were submitted by the defendant New York City Transit Authority in support of the motion for summary judgment established a prima facie case that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d) (*see, Jacondino v Lovis,* 186 AD2d 109; *Pagano v Kingsbury,* 182 AD2d 268). The burden then shifted to the plaintiff to come forward with sufficient evidence to raise a triable issue of fact as to whether he sustained a serious injury (*see, Gaddy v Eyler,* 79 NY2d 955, 957).

The plaintiff's evidence was insufficient in this regard. His examining physician's affidavit, reciting the words "perma-

nent" and "consequential significant limitation of motion", was conclusory and clearly tailored to meet the statutory requirements (see, Panisse v Jrs. Truck Rental, 239 AD2d 397; Medina v Zalmen Reis & Assocs., 239 AD2d 394). The physician's unsworn report, the findings of which were not incorporated in his affidavit, did not constitute competent evidence (see, Attivissimo v Kugler, 226 AD2d 658; Pagano v Kingsbury, supra). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.