■ DANTE BUCCI, Respondent, v ALLAN M. KEMPINSKI et al., Defendants, and GENEVA GUADALUPE et al., Appellants. [709 NYS2d 595] —In an action to recover damages for personal injuries, the defendants Geneva Guadalupe and Island Park Trucking of Long Island Inc., s/h/a Island Park Trucking, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 13, 1999, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The appellants established a prima facie case that the plaintiff's injuries were not serious within the meaning of Insurance Law § 5102 (d). They submitted the affirmed report of an orthopedist who "found no evidence of any orthopedic disability" and the affirmed Magnetic Resonance Imaging (hereinafter MRI) report of a radiologist who characterized as "unremarkable" the MRI exam of the plaintiff's cervical spine (*see, Gaddy v Eyler,* 79 NY2d 955).

In opposition to the motion, the plaintiff submitted the affirmed report of a chiropractor, who had not treated him in three years, and whose opinions were based on examinations performed at least three years before the motion was made. Thus, there was insufficient proof of the duration of the plaintiff's alleged injuries (*see, Schultz v Von Voight,* 216 AD2d 451, *affd* 86 NY2d 865; *Beckett v Conte,* 176 AD2d 774).

Although the plaintiff also submitted an MRI report indicating that he exhibited a "slight posterior disc bulge" in the cervical spine, there is no evidence in the record that causally relates the bulge to the accident (*see, Waaland v Weiss,* 228 AD2d 435).

Finally, in light of the plaintiff's admission in his bill of particulars that he missed only approximately two weeks of work as a result of the accident, he failed to raise a triable issue of fact as to whether his injuries prevented him from performing "substantially all" of the material acts constituting his usual and customary daily activities for at least 90 of the first 180 days following the accident (*see, Letellier v Walker,*

222 AD2d 658). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.