■ Lidia Vita, Appellant, v Enterprise Rent-A-Car et al., Defendants, and Maria Elvira Torress Chavez, Also Known as Elvira Torres, et al., Respondents. [779 NYS2d 128]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of Supreme Court, Queens County (LeVine, J.), dated July 23, 2003, which, upon an order of the same court dated June 18, 2003, granting the motion of the defendants Gilbert Perez and Arnaldo Gomez, and the separate motion of the defendant Maria Elvira Torress Chavez, also known as Elvira Torres, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The moving defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject 1998 motor

vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affidavit of the plaintiff's chiropractor was conclusory and failed to adequately indicate the basis for his finding that the plaintiff sustained a significant limitation in the use of her lumbar spine (*see Kauderer v Penta*, 261 AD2d 365 [1999]; *Giannakis v Paschilidou*, 212 AD2d 502 [1995]). In addition, neither the chiropractor nor the plaintiff's physician provided an adequate explanation for the three-year gap between the end of the plaintiff's treatments and their examinations (*see Smith v Askew*, 264 AD2d 834 [1999]).

Moreover, the plaintiff failed to submit any competent medical evidence to support a claim that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.*, 273 AD2d 200 [2000]; *Greene v Miranda*, 272 AD2d 441 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]; *Bennett v Reed*, 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]).

Accordingly, the movants were entitled to summary judgment in their favor dismissing the complaint insofar as asserted against them. Smith, J.P., S. Miller, Adams, Rivera and Lifson, JJ., concur.