■ CARLOS C. GARCES et al., Respondents, v KIM V. YIP et al., Appellants. [790 NYS2d 712]—

In an action to recover damages for personal injuries, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated February 19, 2004, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiff Carlos C. Garces on the ground that that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) from an order of the same court dated May 25, 2004, which denied their motion for leave to reargue that branch of their motion and which granted the plaintiffs' cross motion for leave to reargue that branch of their prior motion which was for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiff Nadejda I. Garces on the ground that that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which was granted by the order dated February 19, 2004, and, upon reargument, denied that branch of their motion.

Ordered that the appeal from so much of the order dated May 25, 2004, as denied their motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 19, 2004, is reversed insofar as appealed from, on the law, by deleting the provision denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiff Carlos C. Garces, and substituting therefor a provision granting that branch of the motion; and it is further,

Ordered that the order dated May 25, 2004, is reversed insofar as reviewed, on the law, and the plaintiffs' cross motion for leave to reargue is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendants made a prima facie showing on their original motion for summary judgment that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmations of the defendants' examining physicians—an orthopedist, a neurologist, and a radiologist—established that the plaintiffs completely recovered from their injuries and did not sustain any disabilities, limitations, impairments, or restrictions. The affirmations of the plaintiffs' physician submitted in opposition to the motion failed to adequately account for the gap in time between the conclusion of their medical treatments and the date of his examination of the plaintiffs (*see Jimenez v Kambli*, 272 AD2d 581 [2000]; *Smith v Askew*, 264 AD2d 834 [1999]). Moreover, it is readily apparent that the plaintiffs' physician improperly relied upon numerous unsworn medical records and reports in formulating his opinion (*see Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment in its entirety in the first instance. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.