■ Philip Sammut et al., Respondents, v Howard Davis et al., Appellants. [792 NYS2d 192]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Jackson, J), dated May 21, 2004,

which denied their motion, in effect, for summary judgment dismissing the first and second causes of action to recover damages for personal injuries and loss of services on the ground that the plaintiff Philip Sammut did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the first and second causes of action are dismissed.

The defendants made a prima facie showing that the plaintiff Philip Sammut (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The unsworn records of the plaintiff's chiropractor were inadmissible (*see Pagano v Kingsbury,* 182 AD2d 268, 270 [1992]; *Grasso v Angerami,* 79 NY2d 813, 814 [1991]). Similarly, unsworn magnetic resonance imaging (hereinafter MRI) reports were insufficient to refute the affirmation of the defendants' radiologist that the MRI films failed to reveal any evidence of herniated or bulging discs. Furthermore, the affirmation of the plaintiff's examining physician was insufficient to raise a triable issue of fact, as he improperly relied upon unsworn MRI reports and medical records (*see Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]), and there was no adequate discussion of or explanation for the 3½-year gap between the conclusion of the plaintiff's chiropractic treatments and the date of his examination (*see Smith v Askew,* 264 AD2d 834 [1999]).

Accordingly, the defendants' motion, in effect, for summary judgment dismissing the first and second causes of action should have been granted. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.