■ TARA A. NELSON, Respondent, v SALVATORE C. AMICIZIA, Appellant. [803 NYS2d 87]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated May 27, 2004, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Contrary to the determination of the Supreme Court, the defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendant submitted the affirmed medical reports of an orthopedist and a neurologist, who both examined the plaintiff about three years after the accident, and determined that she had completely recovered from her injuries and suffered from no disabilities or impairments, and that she was able to perform all of her normal work and daily living activities without restrictions.

The affirmations of the plaintiff's physicians and affidavit of the plaintiff's chiropractor were insufficient to raise a triable issue of fact. One physician's affirmation and the chiropractor's

affidavit were based upon examinations of the plaintiff conducted within about one month of the accident and more than three years prior to the motion for summary judgment (*see e.g. McKinney v Lane*, 288 AD2d 274 [2001]; *Bucci v Kempinski*, 273 AD2d 333 [2000]). Another physician's affirmation failed to set forth the objective tests used to arrive at his opinion of a loss in range of motion (*see Kauderer v Penta*, 261 AD2d 365 [1999]), and appears to have been mainly based upon the plaintiff's subjective complaints of pain (*see Barrett v Howland*, 202 AD2d 383 [1994]; *LeBrun v Joyner*, 195 AD2d 502 [1993]; *Coughlan v Donnelly*, 172 AD2d 480 [1991]). The mere existence of a bulging herniated disc in the plaintiff's thoracic spine is not conclusive evidence of a serious injury in the absence of objective evidence of a related disability or restriction (*see Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]; *Guzman v Michael Mgt.*, 266 AD2d 508 [1999]).

Finally, the plaintiff failed to submit any competent medical evidence to corroborate her claim that she was unable to perform substantially all of her daily activities for not less than 90 of the 180 days immediately following the subject accident as a result of the accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.*, 273 AD2d 200 [2000]; *Greene v Miranda*, 272 AD2d 441 [2000]).

Accordingly, the defendant was entitled to summary judgment dismissing the complaint. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.