ZHANNA PAYKINA, Appellant, v VLAD GOLDEN et al., Respondents. [802 NYS2d 696]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated September 8, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

In support of their motion for summary judgment dismissing the complaint, the defendants submitted the affirmed medical reports of the examining doctors—an orthopedist, a neurologist, and a psychologist. These reports stated that the plaintiff had recovered from her injuries and was suffering from no disabilities or impairments which would limit her ability to perform her normal daily living and work activities. Thus, the defendants

made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmation of the plaintiff's physician was insufficient to raise a triable issue of fact insofar as it was based upon an examination that occurred approximately four years after the plaintiff's last medical treatments, a gap in time which was not satisfactorily explained (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Smith v Askew*, 264 AD2d 834 [1999]).

Moreover, there was no competent medical evidence in the record which would support a claim that the plaintiff was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.*, 273 AD2d 200, 201 [2000]; *Greene v Miranda*, 272 AD2d 441, 442 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]).

Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly granted. Florio, J.P., Crane, Krausman, Rivera and Fisher, JJ., concur.