■ Doris Sayas et al., Appellants, v Merrick Transportation et al., Respondents. [804 NYS2d 769]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated June 15, 2004, as granted the motion of the defendants Merrick Transportation and James Eldridge and that branch of the separate motion of the defendant Gustavo A. Vargas which was for summary judgment dismissing the complaint on the ground that the plaintiff Doris Sayas did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs to the respondents Merrick Transportation and James Eldridge.

The defendants made a prima facie showing that the plaintiff Doris Sayas (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the submission of the affirmed medical report of a neurologist who found no objective evidence that the plaintiff was suffering from any disability, and concluded that she was capable of performing her daily living activities (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Farozes v Kamran, 22 AD3d 458 [2005]; Paykina v Golden, 21 AD3d 1021 [2005]; Nelson v Amicizia, 21 AD3d 1015 [2005]). The affirmation of the plaintiff's treating chiropractor, which improperly relied upon unsworn medical and magnetic resonance imaging reports, was insufficient to raise a triable issue of fact (see Sammut v Davis, 16 AD3d 658 [2005]; Garces v Yip, 16 AD3d 375 [2005]; Friedman v U-Haul Truck Rental, 216 AD2d 266, 267 [1995]). The chiropractor's affirmation also failed to provide competent evidence to support a claim that the plaintiff was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days immediately following the accident due to a medically-determined injury or impairment (see Nitti v Clerrico, 98 NY2d 345, 357-358 [2002]; Paykina v Golden, supra; Farozes

*v Kamran, supra; Nelson v Amicizia, supra).* H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.