■ BRIYANA PICOTT et al., Respondents, v ADOLOFO LEWIS et al., Defendants, and MARSON D. SEALY et al., Appellants. [809 NYS2d 541]—

In an action to recover damages for personal injuries, etc., the defendants Marson D. Sealy and Radcliffe M. Straker appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated December 17, 2004, which denied their motion for

summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain serious injuries within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted on behalf of the plaintiff Debbie Wright and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court correctly determined that the defendants failed to meet their initial burden of establishing that the plaintiff Briyana Picott did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' medical expert noted in his affirmation that his examination of Picott showed "[r]ange of motion of the lumbosacral spine showed complaints of pain beyond 70 degrees of flexion, 20 degrees of extension, 40 degrees of right and left lateral bending and rotation." This raised a triable issue of fact as to whether Picott sustained a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see McDowall v Abreu*, 11 AD3d 590 [2004]; *Kaminsky v Waldner*, 19 AD3d 370 [2005]; *Meyer v Gallardo*, 260 AD2d 556 [1999]). Thus, there is no need to review the plaintiff's opposition to the motion (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *Lesane v Tejada*, 15 AD3d 358 [2005]).

The defendants' submissions of the deposition testimony of the plaintiff Debbie Wright and the affirmed medical report of their examining physician were sufficient to make a prima facie showing that Wright did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys., supra; Gaddy v Eyler, supra; Batista v Olivo*, 17 AD3d 494 [2005]; *Grant v Fofana*, 10 AD3d 446 [2004]). Contrary to the determination of the Supreme Court, however, Wright failed to submit sufficient competent medical evidence to raise a triable issue of fact. The physician's affirmation with respect to Wright was clearly based solely upon her subjective complaints of pain (*see Scheer v Koubek*, 70 NY2d 678 [1987]; *Rudas v Petschauer*, 10 AD3d 357 [2004]; *Coloquhoun v 5 Towns Ambulette*, 280 AD2d 512 [2001]; *Barrett v Howland*, 202 AD2d 383 [1994]), and was obviously tailored to meet the statutory requirements (*see Mastaccioula v Sciarra*, 11 AD3d 434 [2004]; *Holder v Brown*, 18 AD3d 815 [2005]; *Watt v Eastern Investigative Bur.*, 273 AD2d 226 [2000]; *Carroll v Jennings*, 264 AD2d 494 [1999]).

Additionally, there was no competent medical evidence establishing that Wright was unable to perform substantially all of her daily activities for not less than 90 out of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Davis v New York City Tr. Auth.*, 294 AD2d 531 [2002]; *Arshad v Gomer*, 268 AD2d 450 [2000]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]).

Accordingly, the defendants were entitled to summary judgment dismissing the complaint insofar as asserted on behalf of Wright. Schmidt, J.P., Mastro, Spolzino and Lunn, JJ., concur.