■  JOSE PIMENTEL et al., Respondents, v TATIANA MESA, Appellant, et al., Defendant. [813 NYS2d 517]—

In an action to recover damages for personal injuries, etc., the defendant Tatiana Mesa appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated July 29, 2005, which granted the plaintiffs' motion for reargument of the defendant's prior motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), which had been granted in an order dated April 29, 2005, and upon reargument, denied the motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon reargument, denied the motion of the defendant Tatiana Mesa for summary judgment, and substituting therefor a provision adhering to the original determination granting the motion for summary judgment; as so modified, the order is affirmed, with costs to the appellants.

Contrary to the defendant Tatiana Mesa's contention, the Supreme Court providently exercised its discretion in granting reargument (*see Foley v Roche*, 68 AD2d 558 [1979]). However, upon reargument, the Supreme Court erred in failing to adhere to its prior determination. Mesa made a prima facie showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. The affirmed medical reports of the plaintiffs' examining physician were insufficient to raise a triable issue of fact insofar as they were based upon examinations that occurred approximately three years after the plaintiffs' last medical treatments, a gap in time which was not satisfactorily explained either by his reports or the plaintiffs'

other submissions (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Sammut v Davis,* 16 AD3d 658 [2005]; *Vita v Enterprise Rent-A-Car,* 8 AD3d 558 [2004]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.