MANOLIS PIPERIS, Respondent, v KEON JERAMYES WAN et al., Appellants. [854 NYS2d 489]—

The Supreme Court concluded that the defendants satisfied their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff takes no issue with that determination on appeal.

Contrary to the Supreme Court's determination, however, the plaintiff failed to raise a triable issue of fact in opposition. The plaintiff's hospital records were without any probative value since they were uncertified (*see Mejia v DeRose*, 35 AD3d 407, 408 [2006]). The plaintiff did not see Sheila Horn, his treating osteopath, until July 1, 2005, two weeks after the accident. Her report of the examination at that time, while reflecting a significant limitation in certain of the plaintiff's ranges of motion, failed to set forth the objective tests that were used to reach that result (*see Murray v Hartford*, 23 AD3d 629 [2005]; *Nelson v Amicizia*, 21 AD3d 1015, 1016 [2005]; *Maldonado v Ying Li*, 13 AD3d 344 [2004]). Horn's report of her examination of the plaintiff on September 9, 2005 reflects however, that the plaintiff's ranges of motion were virtually normal. In light of this, the unexplained determination by the plaintiff's examining physician David Delman that the subject accident caused the injuries and limitations he noted in the plaintiff's cervical spine, lumbar spine, and left knee on February 28, 2007 was speculative and conclusory, and therefore insufficient to raise a triable issue of fact (*see Mickelson v Padang*, 237 AD2d 495, 496 [1997]).

The submission of the plaintiff's magnetic resonance imaging reports concerning his cervical spine, lumbar spine, and left knee, as authored by Dr. Robert Diamond, merely showed that, as of July and August 2005, the plaintiff had disc bulges in his cervical and lumbar spine and a tear of the interior horn of the medial meniscus of the left knee. The mere existence of a herniated or bulging disc, and even a tear in a tendon, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Tobias v Chupenko*, 41 AD3d 583, 584 [2007]; *Mejia v*

*DeRose*, 35 AD3d at 407-408). The plaintiff's affidavit was also insufficient to raise a triable issue of fact as to whether he sustained a serious injury (*see Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Tobias v Chupenko*, 41 AD3d at 584).

The plaintiff's admissible medical submissions were insufficient to raise a triable issue of fact as to whether he sustained a medically-determined injury of a nonpermanent nature which prevented him from performing his usual and customary activities for 90 of the 180 days following the subject accident (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535, 536 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

Accordingly, the Supreme Court should have granted the motion of the defendant Albert Berger and Always Available II and that branch of the separate motion of the defendants Keon Jeramyes Wan and Ping Zhi wan which was for summary judgment dismissing the complaint insofar as asserted against each of them. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.