■ RANITA BUDHRAM, Respondent, v SAMSON O. OGUNMOYIN et al., Appellants. [863 NYS2d 224]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated December 20, 2007, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants established their prima facie entitlement to judgment as a matter of law by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. On appeal, the plaintiff argues that her submissions in opposition to the defendants' motion raised a triable issue of fact as to whether she sustained a serious injury to her cervical and lumbar spine under the significant limitation of use category of Insurance Law § 5102 (d). We disagree.

The reports of Dr. Robert Diamond and Dr. Andrew Davy

were without any probative value since they were unaffirmed (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]). The reports of Dr. Sheila Horn failed to relate any of the injuries or limitations she noted in her reports to the subject accident (*see Morris v Edmond*, 48 AD3d 432 [2008]; *Itskovich v Lichenstadter*, 2 AD3d 406 [2003]; *Bonner v Hill*, 302 AD2d 544 [2003]).

Similarly, the affirmation of Dr. Kaushnik Das was insufficient to raise a triable issue of fact. Dr. Das examined the plaintiff on November 14, 2005, and concluded on that date that the plaintiff had "decreased" range of motion in her back. However, he failed to set forth the objective tests he performed in arriving at that conclusion (*see Piperis v Wan*, 49 AD3d 840 [2008]; *Murray v Hartford*, 23 AD3d 629 [2005]; *Nelson v Amicizia*, 21 AD3d 1015, 1016 [2005]; *Maldonado v Ying Li*, 13 AD3d 344 [2004]). He also clearly relied on the unsworn magnetic resonance imaging (hereinafter MRI) reports of Dr. Diamond in coming to his conclusions that the plaintiff sustained herniated discs at L5-S1, C3-4, C5-6, and C6-7, and a disc bulge at T1-2 (*see Malave v Basikov*, 45 AD3d 539 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Furrs v Griffith*, 43 AD3d 389 [2007]).

Moreover, the reports of Dr. David Delman, and the reports and affirmation of Dr. Richard Radna, were without probative value since they clearly relied on the unsworn MRI reports of Dr. Diamond in coming to their conclusions (*see Malave v Basikov*, 45 AD3d 539 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Furrs v Griffith*, 43 AD3d 389 [2007]). Moreover, even if these submissions were proper, no admissible medical submissions submitted by the plaintiff, or relied upon by the plaintiff's experts, revealed any range of motion limitations in the plaintiff's spine that were even roughly contemporaneous with the subject accident (*see D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]; *Rodriguez v Cesar*, 40 AD3d 731 [2007]; *Borgella v D & L Taxi Corp.*, 38 AD3d 701 [2007]). Without contemporaneous findings of range of motion limitations, the plaintiff could not establish the duration of the injuries (*see Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). The plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.