(July 21, 2009)

■ BARBARA BARNETT, Respondent, v KATHLEEN SMITH et al, Appellants. [883 NYS2d 573]—

In an action to recover damages for personal injuries, the defendants Kathleen Smith and Steven Leventhal separately appeal from an order of the Supreme Court, Dutchess County (McCarty III, J.), dated August 7, 2008, which granted the plaintiff's motion for leave to renew and reargue her opposition to their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which had been granted in an order dated May 6, 2008, and upon renewal and reargument, in effect, vacated the original determination in the order dated May 6, 2008, and thereupon denied their motions for summary judgment.

Ordered that on the Court's own motion, the notice of appeal dated September 5, 2008 is deemed to be a notice of appeal by the defendant Steven Leventhal (see CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]); and it is further,

Ordered that the order dated August 7, 2008 is reversed, on the law, with one bill of costs payable to the defendants Kathleen Smith and Steven Leventhal appearing separately and filing separate briefs, the plaintiff's motion for leave to renew and reargue is denied, and the order dated May 6, 2008 is reinstated.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Chernysheva v Pinchuck*, 57 AD3d 936 [2008]; *Dinten-Quiros v Brown*, 49 AD3d 588 [2008]; *Madison v Tahir*, 45 AD3d 744 [2007]). The Supreme Court erred in granting that branch of the plaintiff's motion which was for leave to renew, which was based on the medical report of Dr. Mark G. Grossman, dated June 3, 2008. Among other things, this report contained information from examinations that occurred in 2006 and 2007 that could have been, but was not, included in opposition to the defendants' separate motions for summary judgment dismissing the complaint. The plaintiff failed to provide any justification for the failure to present such evidence on the original motions.

The Supreme Court further erred in granting that branch of the plaintiff's motion which was for leave to reargue. "Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some [other] reason mistakenly arrived at its

earlier decision" (*E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654 [2007] [internal quotation marks omitted]; *see* CPLR 2221 [d]; *McDonald v Stroh*, 44 AD3d 720, 721 [2007]; *Matter of New York Cent. Mut. Ins. Co. v Davalos*, 39 AD3d 654, 655 [2007]). The defendants, in support of their respective motions for summary judgment, met their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The affirmed medical report of Dr. Stephen Geiger, dated January 4, 2008, was insufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury to her cervical spine as a result of the subject accident. In this report, while Dr. Geiger noted that cervical spine range of motion was "restricted," he failed to set forth any quantified range of motion findings concerning the plaintiff's cervical spine, nor did he provide a qualitative assessment of her cervical spine (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350; *Shtesl v Kokoros*, 56 AD3d 544 [2008]).

Dr. Grossman's report, dated January 29, 2008, also failed to raise a triable issue of fact. While Dr. Grossman noted left shoulder range of motion findings, he failed to compare those findings to what is normal (*see Banguela v Babbo*, 51 AD3d 833 [2008]; *Page v Belmonte*, 45 AD3d 825 [2007]; *Malave v Basikov*, 45 AD3d 539 [2007]; *Fleury v Benitez*, 44 AD3d 996 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]). Even if these findings revealed significant limitations in the plaintiff's left shoulder range of motion, neither Dr. Grossman nor the plaintiff proffered objective medical evidence that revealed the existence of significant limitations in the plaintiff's left shoulder range of motion that were contemporaneous with the subject accident (*see Leeber v Ward*, 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]).

Lastly, inasmuch as the plaintiff submitted no medical evidence dated earlier than 2008 in opposition to the defendants' motions, she failed to submit competent medical evidence that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.