■ STACI NORTON, Respondent, v FRANK RODER et al., Appellants. [887 NYS2d 129]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Spinola, J.), dated March 31, 2009, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The affirmed medical reports of Dr. Lisa Daley, one of the plaintiff's treating physicians, failed to raise a triable issue of fact since those reports relied upon findings from examinations performed by another physician, whose report was not submitted with the plaintiff's papers (*see Collins v Jost*, 281 AD2d 175, 175-176 [2001]). Thus, the references to those findings should have been disregarded (*see McNeil v New York City Tr. Auth.*, 60 AD3d 1018, 1019 [2009]).

The affirmed medical reports of Dr. James Ligouri did not raise a triable issue of fact because Dr. Ligouri failed to acknowledge the plaintiff's prior neck injury from a previous motor vehicle accident and Lyme Disease which caused pain in her back, or the findings of degeneration in the plaintiff's thoracic and lumbar regions made by the defendants' radiologist based on his review of the plaintiff's magnetic resonance imaging

films. Therefore, Dr. Ligouri's conclusion that the plaintiff's injuries and limitations were caused by the subject accident was rendered speculative (*see Su Gil Yun v Barber,* 63 AD3d 1140, 1142 [2009]; *Ferebee v Sheika,* 58 AD3d 675, 676 [2009]).

The reports of Dr. Teymuraz Datikashvili, another of the plaintiff's treating physicians, also failed to raise a triable issue of fact. While Dr. Datikashvili opined that the plaintiff was "totally disabled," he failed to set forth any objective testing he did in order to arrive at that conclusion (*see Sapienza v Ruggiero,* 57 AD3d 643, 644 [2008]; *Budhram v Ogunmoyin,* 53 AD3d 640, 641 [2008]; *Piperis v Wan,* 49 AD3d 840, 841 [2008]; *Murray v Hartford,* 23 AD3d 629, 629 [2005]; *Nelson v Amicizia,* 21 AD3d 1015, 1016 [2005]).

In opposition to the defendants' prima facie showing, the plaintiff failed to set forth any competent medical evidence to establish that she sustained a medically determined injury of a nonpermanent nature which prevented her from performing her usual and customary activities for 90 of the 180 days following the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]). Rivera, J.P., Miller, Balkin, Leventhal and Hall, JJ., concur.