■ DAPHNE SPENCE, Appellant, v RAE MIKELBERG, Respondent. [887 NYS2d 600]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated November 17, 2008, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The only medical submission by the plaintiff in opposition to the defendant's motion was the affirmation of Dr. Dov Berkowitz, the plaintiff's treating orthopedist. However, Dr. Berkowitz's affirmation failed to raise a triable issue of fact. While Dr. Berkowitz noted limitations during testing of the plaintiff, he failed to set forth any objective testing he did in order to arrive at those conclusions (*see Sapienza v Ruggiero*, 57 AD3d 643 [2008]; *Budhram v Ogunmoyin*, 53 AD3d 640, 641 [2008]; *Piperis v Wan*, 49 AD3d 840, 841 [2008]; *Murray v Hartford*, 23 AD3d 629 [2005]; *Nelson v Amicizia*, 21 AD3d 1015, 1016 [2005]).

In addition, the plaintiff's affidavit was insufficient to raise a triable issue of fact (*see Maffei v Santiago*, 63 AD3d 1011 [2009]; *Thomas v Weeks*, 61 AD3d 961 [2009]; *Luizzi-Schwenk v Singh*, 58 AD3d 811 [2009]; *Gochnour v Quaremba*, 58 AD3d 680 [2009]). The plaintiff failed to submit competent medical evidence demonstrating that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Sutton v Yener*, 65 AD3d 625 [2009]; *Roman v Fast*

*Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Mastro, J.P., Dillon, Dickerson, Belen and Lott, JJ., concur. [*See* 2008 NY Slip Op 33332(U).]