■ ELENA GIANNINI et al., Respondents, v ANTONIO CRUZ, Appellant. [889 NYS2d 57]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 29, 2008, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff Elena Giannini did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Elena Giannini did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

The defendant made a prima facie showing that the plaintiff Elena Giannini (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise

a triable issue of fact. Only the reports and affirmation of Dr. Raphael J. Osheroff, the injured plaintiff's treating physician, were affirmed, and the plaintiffs' remaining submissions concerning the injured plaintiff were unsworn and insufficient to raise a triable issue of fact (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Maffei v Santiago*, 63 AD3d 1011, 1011-1012 [2009]; *Niles v Lam Pakie Ho*, 61 AD3d 657, 659 [2009]; *Uribe-Zapata v Capallan*, 54 AD3d 936, 937 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747, 748 [2007]; *Nociforo v Penna*, 42 AD3d 514, 515 [2007]; *Pagano v Kingsbury*, 182 AD2d 268, 271 [1992]). While Dr. Osheroff noted in his reports that the injured plaintiff had limitations in her cervical spine and left shoulder, he failed to either quantify those limitations or provide a qualitative assessment of those regions (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Barnett v Smith*, 64 AD3d 669, 671 [2009]; *Shtesl v Kokoros*, 56 AD3d 544, 546 [2008]). Furthermore, it is clear from Dr. Osheroff's affirmation that he relied primarily on range of motion findings from the unsworn reports of other physicians in arriving at his conclusions concerning the injured plaintiff (*see Sorto v Morales*, 55 AD3d 718, 719 [2008]; *Malave v Basikov*, 45 AD3d 539, 540 [2007]; *Furrs v Griffith*, 43 AD3d 389, 390 [2007]; *see also Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]).

The plaintiffs also failed to set forth any competent medical evidence to establish that the injured plaintiff sustained a medically-determined injury of a nonpermanent nature which prevented her from performing her usual and customary activities for 90 of the 180 days following the subject accident (*see Ciancio v Nolan*, 65 AD3d 1273 [2009]; *Shmerkovich v Sitar Corp.*, 61 AD3d 843, 844 [2009]; *Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]). Rivera, J.P., Miller, Balkin, Leventhal and Hall, JJ., concur.