■ KEITH REEFER, Respondent, v ADOM RENTAL TRANSPORT, INC., et al., Appellants. [892 NYS2d 153]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident

(*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's submissions failed to address the findings of the defendants' radiologist that the condition of the cervical and lumbar regions of the plaintiff's spine resulted from chronic degeneration and was not caused by the subject accident (*see Levine v Deposits Only, Inc.*, 58 AD3d 697 [2009]; *Saint-Hilaire v PV Holding Corp.*, 56 AD3d 541 [2008]). This failure rendered speculative the findings of Dr. Miriam Kanter, upon whose reports and affirmation the plaintiff principally relied in opposing the defendants' motion, that the plaintiff's injuries were caused by the subject accident (*see Norton v Roder*, 65 AD3d 1317 [2009]; *Luciano v Luchsinger*, 46 AD3d 634 [2007]; *Giraldo v Mandanici*, 24 AD3d 419 [2005]). As another consequence of this failure, the plaintiff did not proffer any competent medical evidence to establish that he sustained any medically-determined injuries of a nonpermanent nature which prevented him from performing substantially all of his usual and customary daily activities for not less than 90 of the first 180 days following the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment. Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.