Margaret Knopf, Appellant, v Helen Sinetar, Respondent. [895 NYS2d 108]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court correctly determined that the defendant, in support of her motion for summary judgment, met her prima facie burden by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, a determination with which the plaintiff does not take issue on appeal.

In opposition to that showing, however, and contrary to her contentions, the plaintiff failed to raise a triable issue of fact. On appeal, the plaintiff asserts that her submissions in opposition to the defendant's motion were sufficient to raise a triable

issue of fact as to whether she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (hereinafter the 90/180 category). In support of that argument, the plaintiff principally relies on the affirmation of her treating neurologist, as well as her medical reports. Those submissions failed to raise a triable issue of fact as to whether the plaintiff sustained a serious injury within the ambit of the 90/180 category. Initially, while the plaintiff's treating neurologist stated that she examined the plaintiff on January 5, 2007, and noted at that time that the plaintiff had "restricted" range of motion in her neck, she failed to set forth any objective testing she did in order to reach that conclusion (*see Spence v Mikelberg,* 66 AD3d 765 [2009]; *Sapienza v Ruggiero,* 57 AD3d 643 [2008]; *Budhram v Ogunmoyin,* 53 AD3d 640, 641 [2008]; *Piperis v Wan,* 49 AD3d 840, 841 [2008]). Furthermore, while the neurologist also noted that, upon testing on that date, the plaintiff had an "audible clicking" in her jaw, the neurologist failed to forth any quantified limitations concerning the plaintiff's jaw, nor did she set forth any qualitative assessment of the plaintiff's jaw (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350 [2002]; *Giannini v Cruz,* 67 AD3d 638 [2009]; *Taylor v Flaherty,* 65 AD3d 1328 [2009]; *Barnett v Smith,* 64 AD3d 669, 671 [2009]; *Shtesl v Kokoros,* 56 AD3d 544, 546 [2008]). The neurologist's affirmation and medical reports rely solely on the plaintiff's subjective complaints of pain (*see Dantini v Cuffie,* 59 AD3d 490 [2009]; *Ranzie v Abdul-Massih,* 28 AD3d 447 [2006]; *Picott v Lewis,* 26 AD3d 319 [2006]), and her affirmation was clearly tailored to meet the statutory requirements (*see Picott v Lewis,* 26 AD3d 319 [2006]; *Marte v New York City Tr. Auth.,* 253 AD2d 519 [1998]). Indeed, the plaintiff's treating neurologist fails to show, via objective medical evidence, in either her affirmation or her reports, that the plaintiff was limited in any capacity.

The evidence contained in the magnetic resonance imaging report of the plaintiff's cervical spine failed to raise a triable issue of fact, since the mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury, as well as its duration (*see Chanda v Varughese,* 67 AD3d 947 [2009]; *Niles v Lam Pakie Ho,* 61 AD3d 657 [2009]; *Sealy v Riteway-1, Inc.,* 54 AD3d 1018 [2008]; *Kilakos v Mascera,* 53 AD3d 527 [2008]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49 [2005]). Such evidence was

lacking in this case. Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.