(February 9, 2010)

ABIGAIL ACOSTA, Respondent, v PIERRE J. ALEXANDRE, Appellant. [894 NYS2d 136]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated February 26, 2009, as denied those branches of his motion which were for summary judgment dismissing the plaintiff's claims of serious injury under the permanent loss, permanent consequential limitation of use categories of Insurance Law § 5102 (d), and significant limitation of use on the ground that the plaintiff did not sustain any such serious injuries within the meaning of that statute.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's claims of serious injury under the permanent loss, permanent consequential limitation of use, and significant limitation of use categories of Insurance Law § 5102 (d) on the ground that the plaintiff did not sustain any such serious injuries within the meaning of that statute.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The affirmation of Dr. Mark S. McMahon, one of the plaintiff's treating physicians, was insufficient to raise a triable issue of fact since he noted only an insignificant limitation in the plaintiff's left knee one month after the subject accident (*see Trotter v Hart*, 285 AD2d 772 [2001]; *Cabri v Myung-Soo Park*, 260 AD2d 525 [1999]; *Waldman v Dong Kook Chang*, 175 AD2d 204 [1991]), and set forth no quantified range-of-motion findings or a qualitative assessment of the plaintiff's left knee on his recent examination of the plaintiff (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350; *Giannini v Cruz*, 67 AD3d 638 [2009]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Barnett v Smith*, 64 AD3d 669, 671 [2009]; *Shtesl v Kokoros*, 56 AD3d 544, 546 [2008]).

The medical records of Dr. Jon Greenfield concerning the plaintiff failed to raise an issue of fact. Those records merely noted the plaintiff's subjective complaints of pain (*see Dantini v Cuffie*, 59 AD3d 490 [2009]; *Ranzie v Abdul-Massih*, 28 AD3d 447 [2006]; *Picott v Lewis*, 26 AD3d 319 [2006]), and noted normal range of motion in the left knee on the two occasions

Dr. Greenfield tested that knee (see *Djetoumani v Transit, Inc.*, 50 AD3d 944 [2008]).

The magnetic resonance imaging report of Dr. Jacob Lichy concerning the plaintiff's left knee, on its own, was insufficient to raise a triable issue of fact. That report merely noted the existence of a partial tear of the plaintiff's anterior cruciate ligament. The mere existence of a tear in a ligament is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (see *Su Gil Yun v Barber*, 63 AD3d 1140, 1142 [2009]).

The plaintiff's affidavit also failed to raise a triable issue of fact (see *Luizzi-Schwenk v Singh*, 58 AD3d 811 [2009]; *Sealy v Riteway-1, Inc.*, 54 AD3d 1018 [2008]). Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.