**59** Josephine Villante, Appellant, v Andrew Miterko, Respondent. [901 NYS2d 311]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated April 13, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The only medical evidence proffered by the plaintiff in opposition to the defendant's motion was the affirmation of Dr. Armand Abulencia, the plaintiff's treating physician. While Dr. Abulencia noted significant limitations in the range of motion in the lumbar region of the plaintiff's spine based on a recent examination of her, neither he nor the plaintiff proffered competent objective medical evidence of the existence of a significant limitation in the plaintiff's spine that was contemporaneous with the subject accident (*see Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). While Dr. Abulencia, in his affirmation, noted that he examined the plaintiff contemporaneously with the subject accident, as well as approximately 10 months after the accident, and found restrictions in motion during those earlier examinations, he failed to set forth the objective medical testing he did during those examinations to arrive at those earlier conclusions (*see Knopf v Sinetar*, 69 AD3d 809 [2010]; *Spence v Mikelberg*, 66 AD3d 765 [2009]; *Sapienza v Ruggiero*, 57 AD3d 643 [2008]; *Budhram v Ogunmoyin*, 53 AD3d 640, 641 [2008]; *Piperis v Wan*, 49 AD3d 840, 841 [2008]). Without such contemporaneous findings, the plaintiff could not

have raised a triable issue of fact under the permanent loss, permanent consequential limitation of use, or significant limitation of use categories of Insurance Law § 5102 (d) (*see Jack v Acapulco Car Serv., Inc.*, 72 AD3d 646, 647 [2010]; *Bleszcz v Hiscock*, 69 AD3d at 891; *Taylor v Flaherty*, 65 AD3d at 1328-1329; *Ferraro v Ridge Car Serv.*, 49 AD3d at 498).

Moreover, it is clear that Dr. Abulencia relied on the unsworn magnetic imaging reports concerning the cervical and lumbar regions of the plaintiff's spine in coming to his conclusions in his affirmation (*see Giannini v Cruz*, 67 AD3d 638 [2009]; *Sorto v Morales*, 55 AD3d 718, 719 [2008]; *Malave v Basikov*, 45 AD3d 539, 540 [2007]; *Furrs v Griffith*, 43 AD3d 389, 390 [2007]; *see also Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]).

The affidavit of the plaintiff was insufficient to raise a triable issue of fact (*see Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Fisher v Williams*, 289 AD2d 288 [2001]). Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur.