■ ROSETTA ROBINSON-LEWIS, Appellant, v PASQUALE V. GRISAFI, Respondent. [902 NYS2d 170]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Palmieri, J.), entered September 2, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) a judgment of the same court entered September 29, 2009, which, upon the order, is in favor of the defendant and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contentions, the Supreme Court correctly concluded that the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Kublo v Rzadkowski*, 71 AD3d 831 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.

The affirmation of Dr. William Sonstein, one of the plaintiff's treating physicians, was insufficient to raise a triable issue of fact. While Dr. Sonstein stated that, upon his examination of the plaintiff, the date of which is not noted in the affirmation, she had limitations of motion in her neck, back, and left arm, he failed to set forth any objective medical testing he performed in order to arrive at those conclusions (*see Knopf v Sinetar*, 69 AD3d 809 [2010]; *Spence v Mikelberg*, 66 AD3d 765 [2009]; *Sapienza v Ruggiero*, 57 AD3d 643 [2008]; *Budhram v Ogunmoyin*, 53 AD3d 640, 641 [2008]; *Piperis v Wan*, 49 AD3d 840, 841 [2008]). Furthermore, Dr. Sonstein failed to quantify any such limitations or provide a qualitative assessment of those regions of the plaintiff's body in his affirmation (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350; *Ortiz v Ianina Taxi Servs., Inc.*, 73 AD3d 721, 721-722 [2010]; *Acosta v Alexandre*, 70 AD3d 735 [2010]; *Giannini v Cruz*, 67 AD3d 638, 639 [2009]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Barnett v Smith*, 64 AD3d 669, 671 [2009]). The same analysis applies to the affidavit of Dr. Charles Aronica, the plaintiff's treating chiropractor, who stated that, upon some undated examination he performed on the plaintiff, she had limitations of motion in the cervical region of her spine and her left arm. Dr. Aronica never set forth the objective medical testing he performed in order to arrive at those conclusions, and never quantified any limitations or provided a qualitative assessment of those regions of the plaintiff's body in his affidavit.

The affidavit of the plaintiff was insufficient, on its own, to

raise a triable issue of fact (*see Villante v Miterko*, 73 AD3d 757, 757 [2010]; *Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Fisher v Williams*, 289 AD2d 288 [2001]), since she failed to submit competent medical evidence sufficient to raise a triable issue of fact as to whether the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

Thus, the Supreme Court properly granted the defendant's motion and dismissed the complaint. Fisher, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.