■ Jo Ann G. Messina, Respondent, v Barbara J. Rohr, Appellant. [914 NYS2d 915]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Sweeney, J.), entered June 1, 2010, as denied her cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's cross motion for summary judgment dismissing the complaint is granted.

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. On appeal, the plaintiff argues that the submissions of her treating chiropractor, Dr. Barbara Lonergan-Potenza, were sufficient to raise a triable issue of fact as to whether she sustained a serious injury to the cervical region of her spine as a result of the subject accident. Dr. Lonergan-Potenza, however, failed to set forth any quantified range-of-motion findings or a qualitative assessment of the cervical region of the plaintiff's spine on her recent examination of the plaintiff (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350; *Giannini v Cruz*, 67 AD3d 638 [2009]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Barnett v Smith*, 64 AD3d 669, 671 [2009]; *Shtesl v Kokoros*, 56 AD3d 544, 546 [2008]). Accordingly, the Supreme Court should have granted the defendant's cross motion for summary judgment dismissing the complaint. Mastro, J.P., Angiolillo, Balkin, Lott and Austin, JJ., concur.