■ HARRIET LEVINE, Respondent, v DEPOSITS ONLY, INC., Appellants. [872 NYS2d 149]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Parga, J.), dated March 20, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted the

plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is granted, and the plaintiff's cross motion is denied as academic.

This action arises from a collision involving a motor vehicle operated by the plaintiff and a truck owned by the defendant Deposits Only, Inc., and operated by the defendant Robert Kellett.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *D'Alba v Yong-Ae Choi*, 33 AD3d 650 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's medical submissions failed to address the finding of the defendants' examining radiologist that the condition of the plaintiff's cervical and lumbar spines and right shoulder resulted from preexisting degeneration and was not caused by the subject accident (*see Larkin v Goldstar Limo Corp.*, 46 AD3d 631 [2007]). Accordingly, the Supreme Court should have granted the defendants' motion and denied the plaintiff's cross motion as academic. Fisher, J.P., Miller, Carni and Balkin, JJ., concur.