■ FRANTZ PAMPHILE, Respondent, v MARC C. BASTIEN, Appellant. [877 NYS2d 137]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated July 17, 2008, as denied his cross motion for summary judgment dismissing the complaint on the ground that the plaintiff

did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's cross motion for summary judgment dismissing the complaint is granted.

The defendant made a prima facie showing of his entitlement to judgment as a matter of law dismissing the complaint through the submission of the plaintiff's deposition testimony and the affirmed medical reports of his examining neurologist, orthopedist, and radiologist, which established that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Johnson v Berger*, 56 AD3d 725 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff's two examining physicians asserted that they had found limitations in the ranges of motion of the plaintiff's lumbar spine and left knee upon their examinations over $2^1/2$ years after the accident, neither doctor reconciled these findings with those of the plaintiff's treating physician who reported finding a full range of motion in the left knee $2^1/2$ weeks after the accident, and did not note any limitations in the lumbar spine or left knee upon a follow-up examination 9 months after the accident (*see Carrillo v DiPaola,* 56 AD3d 712 [2008]; *Felix v Wildred,* 54 AD3d 891 [2008]; *Magarin v Kropf,* 24 AD3d 733 [2005]). Moreover, none of the plaintiff's physicians addressed the finding of the defendant's radiologist that the magnetic resonance imaging studies of the plaintiff's lumbar spine and left knee revealed only degenerative conditions which were not causally related to the accident (*see Levine v Deposits Only, Inc.,* 58 AD3d 697 [2009]; *Johnson v Berger,* 56 AD3d 725 [2008]; *Ciordia v Luchian,* 54 AD3d 708 [2008]). Finally, there was no competent medical evidence to establish that the plaintiff had sustained a medically-determined injury of a nonpermanent nature which prevented him from his usual and customary activities for 90 days of the 180 days following the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]). Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.