■ YEVSEY SHMERKOVICH et al., Appellants, v SITAR CORP., Respondent. [878 NYS2d 86]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated September 26, 2007, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that neither of the plaintiffs, who were 81 and 73 years old at the time of the subject accident, sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *Sforza v Big Guy Leasing Corp.,* 51 AD3d 659, 660 [2008]; *Meyers v Bobower Yeshiva Bnei Zion,* 20 AD3d 456 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. Among other items, the plaintiff's examining physicians failed to address the finding of the defendant's radiologist that the magnetic resonance imaging studies and CT scans of the plaintiffs' lumbar spines, cervical spines, and knees revealed only degenerative conditions which were not causally related to the accident (*see Levine v Deposits Only, Inc.,* 58 AD3d 697 [2009]; *Johnson v Berger,* 56 AD3d 725 [2008]; *Ciordia v Luchian,* 54 AD3d 708, 708-709 [2008]). Moreover, much of the plaintiffs' submissions consisted of unaffirmed medical records which were not

competent evidence (*see Smeja v Fuentes*, 54 AD3d 326, 327 [2008]; *Perovich v Liotta*, 273 AD2d 367 [2000]; *Merisca v Alford*, 243 AD2d 613 [1997]). Finally, there was no competent medical evidence to establish that either of the plaintiffs sustained a medically-determined injury of a nonpermanent nature which prevented either of them from performing substantially all of their daily activities for not less than 90 of the first 180 days following the accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]). Skelos, J.P., Florio, Balkin and Belen, JJ., concur.