■ Elaine Iovino, Appellant, v William H. Scholl et al., Defendants/Third Party Plaintiffs-Respondents. Carmin Iovino, Third-Party Defendant-Respondent. [893 NYS2d 230]—

The third-party defendant, Carmine Iovino, met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]).

In opposition to the motion, the plaintiff failed to raise a triable issue of fact. Of the submissions which were in admissible evidentiary form, the affirmed medical reports of John Vlattos, M.D., and Panagiotis Zenetos, M.D., as well as chiropractor Angelo Ippolito, were insufficient to raise a triable issue of fact because they did not address the finding of the third-party defendant's radiologist that the condition of the plaintiff's cervical and lumbar spines was the result of preexisting degeneration and was not caused by the subject accident (*see Shmerkovich v Sitar Corp.,* 61 AD3d 843 [2009]; *Pamphile v Bastien,* 61 AD3d 659, 660 [2009]; *Levine v Deposits Only, Inc.,* 58 AD3d 697, 698 [2009]; *Marrache v Akron Taxi Corp.,* 50 AD3d 973, 974 [2008]). Furthermore, the affirmed medical report of orthopedic surgeon Dr. Enrico Fazzi failed to acknowledge that the plaintiff had been involved in at least one prior automobile accident. In light of this omission, Dr. Fazzi's findings that the subject accident exacerbated the plaintiff's preexisting cervical disc herniations and caused permanent cervical radiculopathy, are speculative (*see Vickers v Francis,* 63 AD3d 1150, 1151 [2009]; *Su Gil Yun v Barber,* 63 AD3d 1140, 1142 [2009]; *Donadio v Doukhnych,* 55 AD3d 532, 533 [2008]; *Rabolt v Park,* 50 AD3d 995, 996 [2008]).

The plaintiff also failed to submit competent medical evidence that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her usual and customary activities for not less than 90 days of the first 180 days subsequent to the accident (*see Shmerkovich v Sitar*

*Corp.,* 61 AD3d at 844; *Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535, 536 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.