■ GURDEV SINGH, Respondent, v CITY OF NEW YORK, Defendant, and SADIQ FAZEL et al., Appellants. [898 NYS2d 218]—

In an action to recover damages for personal injuries and injury to property, the defendants Sadiq Fazel and JDR Taxi appeal from an order of the Supreme Court, Queens County (Flug, J.), entered July 1, 2009, which denied their motion, in effect,

for summary judgment dismissing the cause of action to recover damages for personal injuries insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Sadiq Fazel and JDR Taxi, in effect, for summary judgment dismissing the cause of action to recover damages for personal injuries insofar as asserted against them is granted.

The defendants Sadiq Fazel and JDR Taxi met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).

In opposition to the motion, the plaintiff failed to raise a triable issue of fact. Of the submissions which were in admissible evidentiary form, the affirmation of Dr. Sawhey Harhash, and the affidavits and report of Dr. Coral Elcock, were insufficient to raise a triable issue of fact because they did not address the finding of the defendants' radiologist that magnetic resonance imagings of the plaintiff's cervical spine, lumbar spine, and left shoulder, taken shortly after the accident, revealed only degenerative changes which were not caused by the subject accident. Thus, the conclusions of the plaintiff's experts that the injuries and limitations they noted during their respective examinations were the result of the subject accident were speculative (see Casimir v Bailey, 70 AD3d 994 [2010]; Nicholson v Allen, 62 AD3d 766, 767 [2009]; Chery v Jones, 62 AD3d 742, 743 [2009]; Shmerkovich v Sitar Corp., 61 AD3d 843 [2009]; Pamphile v Bastien, 61 AD3d 659, 660 [2009]). Furthermore, the plaintiff's own affidavit was insufficient to raise a triable issue of fact (see Acosta v Alexandre, 70 AD3d 735 [2010]; Maffei v Santiago, 63 AD3d 1011, 1012 [2009]; Luizzi-Schwenk v Singh, 58 AD3d 811, 812 [2009]; Sealy v Riteway-1, Inc., 54 AD3d 1018 [2008]).

The plaintiff also failed to submit competent medical evidence that the injuries he allegedly sustained in the subject accident rendered him unable to perform substantially all of his usual and customary activities for not less than 90 days of the first 180 days subsequent to the accident (see Casimir v Bailey, 70 AD3d 994 [2010]; Shmerkovich v Sitar Corp., 61 AD3d at 843; Sainte-Aime v Ho, 274 AD2d 569 [2000]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.