■ Chorinne Jack, Respondent, v Acapulco Car Service, Inc., et al., Defendants, and Leader Limousine Corp., Appellant. [897 NYS2d 648]—

In an action to recover damages for personal injuries, the defendant Leader Limousine Corp. appeals, as limited by its brief, from so much an order of the Supreme Court, Kings County (Schack, J.), dated March 23, 2009, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Leader Limousine Corp. for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

The appellant met its prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

While Dr. Steven Apicerno, the plaintiff's treating chiropractor, noted significant limitations in the range of motion of the cervical region of the plaintiff's spine in his affidavit based on a recent examination, neither he nor the plaintiff offered competent medical evidence of the existence of significant limitations in that region of the spine that were contemporaneous with the subject accident (*see Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*,

60 AD3d 992 [2009]; *Gould v Ombrellino,* 57 AD3d 608 [2008]; *Kuchero v Tabachnikov,* 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]). Thus, the plaintiff did not raise a triable issue of fact as to whether she sustained a serious injury under the permanent loss of use, the permanent consequential limitation of use, or the significant limitation of use categories of Insurance Law § 5102 (d) (*see Bleszcz v Hiscock,* 69 AD3d at 891; *Taylor v Flaherty,* 65 AD3d at 1328-1329; *Ferraro v Ridge Car Serv.,* 49 AD3d at 498).

Further, the plaintiff failed to submit competent medical evidence that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Bleszcz v Hiscock,* 69 AD3d at 891-892; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Indeed, the plaintiff submitted no such medical evidence concerning this period of time. Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.