Esilda Nieves, Appellant, v Marc Michael et al., Respondents. [901 NYS2d 100]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), entered April 21, 2009, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; see also Giraldo v Mandanici, 24 AD3d 419, 419-420 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact. In opposition to the defendants' motion, the plaintiff principally relied upon the affirmation of her treating physician, Dr. Benjamin Beiber. This affirmation was insufficient to raise a triable issue of fact. Dr. Beiber failed to address the findings of the defendants' examining physician, Dr. Michael R. Miller, who concluded that the plaintiff's injuries and range-of-motion limitations were caused by preexisting degeneration. This failure rendered speculative Dr. Beiber's conclusion that the plaintiff's injuries and loss of motion he noted were caused by the subject accident (see Iovino v Scholl, 69 AD3d 799 [2010]; Shmerkovich v Sitar Corp., 61 AD3d 843 [2009]; Pamphile v Bastien, 61 AD3d 659, 660 [2009]; Levine v Deposits Only, Inc., 58 AD3d 697, 698 [2009]; Marrache v Akron Taxi Corp., 50 AD3d 973, 974 [2008]; Giraldo v Mandanici, 24 AD3d at 420).

While Dr. Beiber stated in his affirmation that he examined the plaintiff on February 17, 2006, which was shortly after the accident, and noted that the plaintiff had "loss of motion" in her left shoulder, Dr. Beiber failed to set forth the objective testing he did in order to arrive at that conclusion (see Knopf v Sinetar, 69 AD3d 809 [2010]; Spence v Mikelberg, 66 AD3d 765 [2009]; Sapienza v Ruggiero, 57 AD3d 643 [2008]; Budhram v Ogunmoyin, 53 AD3d 640, 641 [2008]; Piperis v Wan, 49 AD3d 840, 841 [2008]). While Dr. Beiber examined the plaintiff on October 22, 2008, and noted significant limitations in the plaintiff's left shoulder range of motion, neither he nor the plaintiff proffered competent medical evidence that revealed the existence of significant limitations in the plaintiff's left shoulder

range of motion that were contemporaneous with the subject accident (*see Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]). Without such contemporaneous findings, the plaintiff could not have raised a triable issue of fact under the permanent loss, permanent consequential limitation of use, or the significant limitation of use categories of Insurance Law § 5102 (d) (*see Jack v Acapulco Car Service, Inc.*, 72 AD3d 646 [2010]; *Bleszcz v Hiscock*, 69 AD3d at 891; *Taylor v Flaherty*, 65 AD3d at 1328-1329; *Ferraro v Ridge Car Serv.*, 49 AD3d at 498).

The plaintiff failed to submit competent medical evidence that the injuries she allegedly sustained as a result of the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days thereafter (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]). The plaintiff's own deposition testimony established that she missed, at most, seven days of work and she admitted that she returned thereto to the same duties as before the subject accident. Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.