■ Thomas J. Riley, III, Respondent, v Robert A. Randazzo et al., Appellants. [908 NYS2d 445]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 30, 2009, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The affirmed medical report of Dr. Jeffrey Perry submitted by the plaintiff in opposition to the defendants' motion failed to raise a triable issue of fact. While the plaintiff was examined by Dr. Perry on December 8, 2006, January 5, 2007, and March 16, 2007, Dr. Perry never set forth any competent medical evidence that revealed the existence of significant limitations of motion in the plaintiff's spine (*see Fest v Agnew*, 68 AD3d 1051 [2009]; *Bertoglio v Fernandez*, 65 AD3d 1065, 1066 [2009]).

In addition, the plaintiff's affidavit was insufficient to raise a triable issue of fact (*see Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Fisher v Williams*, 289 AD2d 288 [2001]).

The plaintiff also failed to set forth competent medical evidence that the injuries he allegedly sustained as a result of the subject accident rendered him unable to perform substantially all of his usual and customary daily activities for not less than 90 days of the first 180 days thereafter (*see Nieves v Michael*, 73 AD3d 716 [2010]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.