■ CLAUDIA HEUMANN, Respondent, v JACO TRANSPORTATION, INC., et al., Appellants. [919 NYS2d 198]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition to the defendants' motion, the plaintiff failed to raise a triable issue of fact. The plaintiff primarily relied upon

the affirmation of her treating hand surgeon, Dr. Alan M. Freedman. The defendants' examining physician, Dr. Thomas Joseph Palmieri, unequivocally found that the plaintiff's complained-of injuries to her right hand were not causally related to the subject accident. Dr. Freedman merely opined that the plaintiff's "right trigger finger condition may have been caused or exacerbated by the automobile accident in which she was involved in January 3, 2007." This speculative language was not sufficient to raise a triable issue of fact in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law (see *Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *Gaddy v Eyler*, 79 NY2d at 957-958; *Nieves v Michael*, 73 AD3d 716, 716 [2010]).

Moreover, although Dr. Freedman noted in his "Chart Note" dated January 4, 2007, that the plaintiff's "[r]ange of motion [of her right wrist] is limited by pain," he failed to set forth any quantitative or qualitative evaluation of the extent of the reported limitation (see *Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351; *Dufel v Green*, 84 NY2d 795, 798 [1995]). "Without such contemporaneous findings, the plaintiff could not have raised a triable issue of fact under the permanent loss, permanent consequential limitation of use, or the significant limitation of use categories of Insurance Law § 5102 (d)" (*Nieves v Michael*, 73 AD3d at 717).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Angiolillo, Balkin, Lott and Miller, JJ., concur.