■ Louis J. Dunbar, Respondent, v Prahovo Taxi, Inc., et al., Appellants. [921 NYS2d 911]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Rosengarten, J.), entered November 19, 2010, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden of showing that the plaintiff, who allegedly sustained certain injuries to his left knee and left shoulder as a result of the subject motor vehicle accident, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing that the alleged injuries to the plaintiff's left knee did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]) and, in any event, were not caused by the subject accident (*see Pamphile v Bastien*, 61 AD3d 659, 660 [2009]; *Mohamed v Siffrain*, 19 AD3d 561, 562 [2005]). The defendants also submitted competent medical evidence establishing that the alleged injuries to the plaintiff's left shoulder were not caused by the subject accident (*see Singh v City of New York*, 71 AD3d 1121, 1122 [2010]). Finally, the defendants established that the plaintiff's alleged injuries did not prevent the plaintiff from performing substantially all of the material acts constituting his customary daily activities during at least 90 of the first 180 days following the accident (*see Ranford v Tim's Tree & Lawn Serv., Inc.*, 71 AD3d 973 [2010]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the alleged injuries to his left knee constituted a serious injury within the meaning of Insurance Law § 5102 (d) (*see McLoud v Reyes*, 82 AD3d 848 [2011]) and as to whether the alleged injuries to his left shoulder were caused by the subject accident (*see Singh v City of New York*, 71 AD3d at 1122). Finally, he failed to raise a triable issue of fact as to whether he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) as a result of the subject accident (*see Jean v Labin-Natochenny*, 77 AD3d 623, 624 [2010]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur.