■ JOHN BAMUNDO, Appellant, v DONALD FIERO et al., Respondents. [931 NYS2d 239]—

The defendants met their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants made a prima facie showing, through the affirmed report of their examining orthopedist, that the injuries the plaintiff allegedly sustained to his left knee did not constitute a serious injury under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) (*see Dunbar v Prahovo Taxi, Inc.*, 84 AD3d 862, 863 [2011]; *Staff v Yshua*, 59 AD3d 614 [2009]). The defendants also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180 day category of Insurance Law § 5102 (d) by submitting the plaintiff's deposition testimony, which revealed that he missed only seven days of work in the first 180 days following the subject accident (*see Lewars v Transit Facility Mgt. Corp.*, 84 AD3d 1176, 1178 [2011]).

In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff's submissions indicated that he sustained a torn meniscus in his left knee, evidence of a torn meniscus is insufficient to raise a triable issue of fact under the permanent consequential limitation of use and the significant limitation of use categories of Insurance Law § 5102 (d) absent objective proof of the extent and duration of the alleged physical limitations resulting from the injury (*see Dunbar v Prahovo Taxi, Inc.*, 84 AD3d at 863; *McLoud v Reyes*, 82 AD3d 848, 849 [2011]; *Simanovskiy v Barbaro*, 72 AD3d 930, 932 [2010]). Further, in view of the plaintiff's deposition testimony that he missed only seven days of work as a result of the subject accident, he failed to raise a triable issue of fact under the 90/180

day category of Insurance Law § 5102 (d) (*see Lewars v Transit Facility Mgt. Corp.*, 84 AD3d at 1178). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.