■ CHRISTOPHER BELTRAN, Respondent, v POWOW LIMO, INC., et al., Appellants, et al., Defendants. [951 NYS2d 231]—

In an action to recover damages for personal injuries, the defendants Powow Limo, Inc., and Walter Alberto Svauijana appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 28, 2011, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the plaintiff, and the motion by the defendants Powow Limo, Inc., and Walter Alberto Svauijana for summary judgment dismissing the complaint insofar as asserted against them is granted.

In support of their motion for summary judgment dismissing the complaint insofar as asserted against them, the defendants Powow Limo, Inc., and Walter Alberto Svauijana (hereinafter together the moving defendants), met their prima facie burden

of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The moving defendants made a prima facie showing, through the affirmed reports of their examining neurologist and radiologist, that the injuries the plaintiff allegedly sustained to the cervical and lumbar regions of his spine did not constitute a serious injury under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) and were not causally related to the subject accident (*see Bamundo v Fiero*, 88 AD3d 831 [2011]; *Jilani v Palmer*, 83 AD3d 786 [2011]; *Staff v Yshua*, 59 AD3d 614 [2009]). The defendants also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180 day category of Insurance Law § 5102 (d) by submitting the plaintiff's deposition testimony, which revealed that he did not miss any days from work in the first 180 days following the subject accident (*see Bamundo v Fiero*, 88 AD3d at 831; *McIntosh v O'Brien*, 69 AD3d 585, 587 [2010]).

In opposition, the plaintiff failed to come forward with competent medical evidence refuting the lack of causal connection between the claimed injuries and the subject accident (*see Pommells v Perez*, 4 NY3d 566, 579-580 [2005]). Moreover, the plaintiff failed to raise a triable issue of fact as to whether his injuries meet the serious injury threshold of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351; *Bamundo v Fiero*, 88 AD3d 831 [2011]; *Acosta v Alexandre*, 70 AD3d 735 [2010]).

Accordingly, the Supreme Court should have granted the moving defendants' motion for summary judgment dismissing the complaint and, in effect, all cross claims insofar as asserted against them. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.