■ SHEREE D. GREENBERG, Appellant, v SUSAN T. MAC-AGNONE et al., Respondents. [7 NYS3d 185]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), dated November 21, 2013, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that

the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 351-352 [2002]; *Jilani v Palmer*, 83 AD3d 786, 787 [2011]; *Fraser-Baptiste v New York City Tr. Auth.*, 81 AD3d 878 [2011]). In support of their motion, the defendants submitted, inter alia, the affirmed medical report of Dr. Isaac Cohen, who examined the plaintiff and reviewed the plaintiff's medical records, including magnetic resonance imaging (hereinafter MRI) films of the plaintiff's lumbar spine area. Dr. Cohen opined that the MRI films demonstrated a preexisting degenerative disc disease that was not caused by the subject accident.

In opposition, however, the plaintiff raised a triable issue of fact. The plaintiff submitted, inter alia, an affirmation from Dr. Vladimir Salomon, a physician who had treated the plaintiff for her back condition since shortly after the subject accident. Based on his physical examination of the plaintiff, his review of the plaintiff's medical records, including an MRI report, the plaintiff's medical history, and his own treatment of the plaintiff, Dr. Salomon opined "with a reasonable degree of medical certainty that the plaintiff's motor vehicle accident on March 10, 2011 was and is the competent producing cause of [the plaintiff's] right lateral recess disc herniation at L5-S1 with compression of the right S1 nerve root," among other trauma related injuries. Dr. Salomon concluded that these injuries to the plaintiff's lumbar spine were causing the plaintiff's back pain, as well as the diminishment of her lumbar range of motion, and "should be considered permanent." This was sufficient to rebut the defendants' prima facie showing and, thus, raise a triable issue of fact (*see Jilani v Palmer*, 83 AD3d at 787; *Fraser-Baptiste v New York City Tr. Auth.*, 81 AD3d at 879).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Sgroi, Maltese and Duffy, JJ., concur.