Santiago v Riccelli Enters., Inc. (2019 NY Slip Op 05175)





Santiago v Riccelli Enters., Inc.


2019 NY Slip Op 05175


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-05431
 (Index No. 1572/15)

[*1]Luis Santiago, appellant, 
v
Riccelli Enterprises, Inc., et al., respondents (and a third-party action).


Sobo & Sobo, LLP, Middletown, NY (Courtney J. Campbell of counsel), for appellant.
Melvin & Melvin, PLLC, Syracuse, NY (Susan E. Otto of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated February 28, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
On December 18, 2013, the plaintiff was a passenger in a vehicle operated by his wife when it collided with a vehicle operated by the defendant Martin E. Ferguson, who was an employee of the defendants Riccelli Enterprises, Inc., and Riccelli Enterprises, LLC. The plaintiff commenced this action to recover damages for injuries allegedly sustained by him as a result of the accident. In the bill of particulars, the plaintiff alleged, inter alia, that he sustained injuries to the cervical and lumbar regions of his spine, and to his left shoulder.
The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In support of their motion, the defendants submitted, inter alia, the affirmed reports of a radiologist who reviewed MRI films taken after the accident of the cervical and lumbar regions of the plaintiff's spine and the plaintiff's left shoulder. The radiologist opined that the injuries to those body parts were caused by degeneration, and that the MRI films showed no evidence of traumatic injury.
In opposition, the plaintiff submitted the affirmed report of an orthopedic surgeon who examined him more than three years after the accident. The plaintiff's orthopedic surgeon opined that the accident was the cause of the plaintiff's injuries, but failed to state his basis for that conclusion.
In an order dated February 28, 2018, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, determining that the plaintiff failed to raise a triable issue of fact because his expert's "conclusion that the plaintiff's condition is causally related [*2]to the subject accident is mere speculation." The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and to the plaintiff's left shoulder were not caused by the accident (see Greenberg v Macagnone, 126 AD3d 937, 938; Jilani v Palmer, 83 AD3d 786, 787).
In opposition, the conclusory statement of the plaintiff's orthopedic surgeon was insufficient to raise a triable issue of fact regarding causation (cf. Perl v Meher, 18 NY3d 208, 218-219; Iovino v Scholl, 69 AD3d 799, 800). Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court