Diaz-Montez v JEA Bus Co., Inc. (2019 NY Slip Op 06591)





Diaz-Montez v JEA Bus Co., Inc.


2019 NY Slip Op 06591


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-05644
 (Index No. 503978/13)

[*1]Maria Diaz-Montez, et al., respondents-appellants,
v
JEA Bus Company, Inc., et al., appellants-respondents.


Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and Kimberly S. Edmunds of counsel), for appellants-respondents.
Hach & Rose, LLP, New York, NY (Robert F. Garnsey and Halina Radchenko of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated April 7, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Maria Diaz-Montez on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The order, insofar as cross-appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Frank Rodriguez on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, without costs or disbursements.
On June 18, 2013, the plaintiff Maria Diaz-Montez was the operator of a vehicle in which the plaintiff Frank Rodriguez was a passenger. That vehicle collided with a vehicle operated by the defendant Suzanne Palazzo, and owned by the defendant JEA Bus Company, Inc. By summons and complaint dated July 2, 2013, the plaintiffs commenced this action to recover damages for personal injuries. In the bill of particulars, Diaz-Montez alleged injuries to, inter alia, her right knee, and Rodriguez alleged injuries to his left wrist.
By notice of motion dated March 7, 2016, the defendants moved for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In support, the defendants submitted the affirmed reports of an orthopedic surgeon who, upon examining Diaz-Montez on November 12, 2014, measured the range of motion of her right knee. Using a goniometer, the defendants' orthopedist compared his results to what would be considered normal range of motion and found the range of motion of Diaz-Montez's right knee to be normal. The defendants' orthopedist also examined Rodriguez on September 9, 2015. Upon measuring the range of motion [*2]of Rodriguez's left wrist, using a goniometer, and comparing his results to what would be considered normal range of motion, the orthopedist found the range of motion of Rodriguez's left wrist to be normal.
The defendants further submitted the affirmed reports of a radiologist who reviewed an MRI of Diaz-Montez's right knee taken approximately three months after the accident. He noted cartilage abnormalities that he characterized as chronic and degenerative, and he found no evidence of traumatic injury. The defendants' radiologist also reviewed an MRI film of Rodriguez's left wrist taken approximately two months after the accident. He noted a chronic dorsal wrist ganglion which predated the accident, and found no evidence of recent injury.
In opposition, the plaintiffs submitted the affirmed report of an orthopedic surgeon who first examined Diaz-Montez on September 10, 2013, and most recently examined her on February 24, 2016. The plaintiffs' orthopedist concluded that the accident was the cause of an injury to Diaz-Montez's right knee, stating in relevant part: "Post-injury right knee MRI documented the presence of a full-thickness articular cartilage lesion in the lateral femoral condyle, which had not been present in an earlier MRI of the right knee." The plaintiffs also submitted the affirmed report of another physician, who examined Diaz-Montez on February 18, 2016, and measured her range of motion using a goniometer. Upon comparing his results to what would be considered normal range of motion, this physician found a 33% restriction in the extension of Diaz-Montez's right knee.
In an order dated April 7, 2017, the Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Diaz-Montez, and granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Rodriguez. The defendants appeal, and the plaintiffs cross-appeal.
The defendants met their prima facie burden of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to Diaz-Montez's right knee, and to Rodriguez's left wrist, did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614), and that these alleged injuries were not caused by the accident (see Greenberg v Macagnone, 126 AD3d 937, 938; Jilani v Palmer, 83 AD3d 786, 787).
In opposition, however, the plaintiffs raised a triable issue of fact as to whether Diaz-Montez sustained a serious injury to her right knee that was caused by the accident (see Perl v Meher, 18 NY3d 208, 218-219; Iovino v Scholl, 69 AD3d 799, 800). We have not considered the defendants' contention regarding a gap in treatment, since it was improperly raised for the first time in their reply papers, and not considered by the Supreme Court (see Davis-Hassan v Siad, 101 AD3d 932, 933). Thus, we agree with the Supreme Court's determination denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Diaz-Montez.
The plaintiffs failed, however, to raise a triable issue of fact as to whether Rodriguez sustained a serious injury within the meaning of Insurance Law § 5102(d). Therefore, we also agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Rodriguez.
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court