Ramirez v L-T. & L. Enter., Inc. (2020 NY Slip Op 08093)





Ramirez v L-T. & L. Enter., Inc.


2020 NY Slip Op 08093


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-00450
 (Index No. 501124/14)

[*1]Jason E. Ramirez, appellant,
v
L-T. & L. Enterprise, Inc., et al., respondents.


Levy and Levy, New York, NY (Susan J. Levy and Judith Levy of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn, NY (Robert D. Grace of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated October 10, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as untimely, the plaintiff's cross motion for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the plaintiff.
On October 10, 2012, the plaintiff, Jason E. Ramirez, and the defendant Joseph V. Losinno were involved in a motor vehicle collision at 14th Street and 3rd Avenue, in Manhattan. Losinno's vehicle was owned by the defendant L-T & L. Enterprise, Inc. On February 10, 2014, the plaintiff commenced this action to recover damages for his injuries. In his bill of particulars, the plaintiff alleged, inter alia, injuries to the cervical region of his spine, and to his left shoulder.
On September 28, 2016, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury pursuant to Insurance Law § 5102(d) as a result of the accident. In support, they submitted the affirmed report of an orthopedic surgeon who examined the plaintiff almost three years after the accident. The orthopedic surgeon measured the range of motion of the cervical region of the plaintiff's spine and the plaintiff's left shoulder, compared her results to what would be considered normal range of motion, and found the plaintiff's range of motion to be normal.
The defendants further submitted the affirmed reports of a radiologist, who reviewed post-accident MRI films of the cervical region of the plaintiff's spine and the plaintiff's left shoulder, and concluded that the plaintiff's injuries were caused by degeneration, and that there was no [*2]evidence of traumatic injury.
The plaintiff opposed the motion, and cross-moved for summary judgment on the issue of liability. The plaintiff submitted the affirmed report of a physician who examined the plaintiff about 14 months after the accident. The plaintiff's physician measured the plaintiff's range of motion and compared his results to what would be considered normal range of motion. He found restrictions of up to 33 percent in the cervical region of the plaintiff's spine, and of up to 27 percent in the plaintiff's left shoulder.
The plaintiff further submitted the report of a physician who examined the plaintiff on November 21, 2013, and again on March 10, 2016, and who reviewed the plaintiff's MRI films. The physician concluded that the injuries to the cervical region of the plaintiff's spine and the plaintiff's left shoulder were directly related to the accident.
In an order dated October 10, 2017, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury as a result of the accident. The court also determined that the plaintiff's cross motion was filed four months after the time in which to do so had expired, and denied the cross motion without reaching the merits. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine and to the plaintiff's left shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). The defendants also established, prima facie, that any injury to the cervical region of the plaintiff's spine or to his left shoulder was not caused by the accident at issue (see Greenberg v Macagnone, 126 AD3d 937, 938).
In opposition, however, the plaintiff raised triable issues of fact as to whether he sustained serious injuries to the cervical region of his spine or to his left shoulder under the significant limitation of use category of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219; Estrella v GEICO Ins. Co., 102 AD3d 730, 731-732). The plaintiff also raised triable issues of fact as to whether those injuries were caused by the accident at issue (see Iovino v Scholl, 69 AD3d 799, 800; cf. Perl v Meher, 18 NY3d at 218-219). Thus, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
The plaintiff's argument that the Supreme Court erred by denying his cross motion for summary judgment on the issue of liability as untimely is not properly before this Court, since it is raised for the first time in his reply brief, to which the defendants had no opportunity to respond (see Panzo v Keyspan Corp., 176 AD3d 961, 963).
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court