Wilson v Cole (2022 NY Slip Op 05560)

Wilson v Cole

2022 NY Slip Op 05560

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-00498
 (Index No. 3088/16)

[*1]Christopher Wilson, appellant,
v
Donna Cole, respondent.

Sobo & Sobo, LLP, Middletown, NY (Stephen J. Cole-Hatchard and Mark P. Cambareri of counsel), for appellant.
John Trop (Mead Hecht Conklin & Gallagher, LLP, White Plains, NY [Elizabeth M. Hecht], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated January 6, 2020. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated January 6, 2020, the Supreme Court, inter alia, granted the defendant's motion, and the plaintiff appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the cervical region of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). The defendant also established, prima facie, that any injury to the cervical region of the plaintiff's spine or to his left shoulder was not caused by the accident (see Ramirez v L-T. & L. Enter., Inc., 189 AD3d 1636, 1638; see generally Jilani v Palmer, 83 AD3d 786, 787).
In opposition, however, the plaintiff raised triable issues of fact as to whether he sustained a serious injury to the cervical region of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219). The plaintiff also raised triable issues of fact as to whether the [*2]alleged injuries to the cervical region of his spine or to his left shoulder were caused by the accident (see id. at 218-219; Ramirez v L-T. & L. Enter., Inc., 189 AD3d at 1638). Thus, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court