Diamond v Comins (2023 NY Slip Op 04466)

Diamond v Comins

2023 NY Slip Op 04466

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-04865
 (Index No. 53785/19)

[*1]Mari Diamond, appellant, 
v
Justin K. Comins, et al., respondents, et al., defendant.

Law Office of Ryan S. Goldstein, PLLC, Bronx, NY, for appellant.
Burke, Conway & Steifeld (Mauro Lilling Naparty, LLP, Woodbury, NY [Seth M. Weinberg and Megan D. Cabrera], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated June 17, 2021. The order, insofar as appealed from, granted the motion of the defendants Justin K. Comins and Northline Utilities, LLC, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Justin K. Comins and Northline Utilities, LLC, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
In March 2019, the plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. Thereafter, the defendants Justin K. Comins and Northline Utilities, LLC (hereinafter together the defendants), moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated June 17, 2021, the Supreme Court, inter alia, granted the defendants' motion. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not [*2]sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar region of the plaintiff's spine were degenerative in nature and not caused by the accident (see Amirova v JND Trans, Inc., 206 AD3d 601, 602; Gash v Miller, 177 AD3d 950; Gouvea v Lesende, 127 AD3d 811). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the lumbar region of her spine which were caused by the accident (see Ramirez v L-T. & L. Enter., Inc., 189 AD3d 1636, 1638; Diaz-Montez v JEA Bus Co., Inc., 175 AD3d 1384, 1386).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
BRATHWAITE NELSON, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court