Pacannuayan v New York City Tr. Auth. (2024 NY Slip Op 05352)

Pacannuayan v New York City Tr. Auth.

2024 NY Slip Op 05352

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2023-03564
 (Index No. 711364/19)

[*1]Zennia Santos Pacannuayan, appellant, 
v
New York City Transit Authority, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered March 31, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered March 31, 2023, the Supreme Court granted the motion. The plaintiff appeals.
On appeal, the plaintiff does not challenge the Supreme Court's determination that the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the cervical region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) through the affirmed report of the plaintiff's expert neurologist (see Perl v Meher, 18 NY3d 208).
Furthermore, the plaintiff also raised a triable issue of fact as to whether the injuries to the cervical region of her spine were caused by the accident (see Diamond v Comins, 219 AD3d 973, 974; Ramirez v L-T. & L. Enter., Inc., 189 AD3d 1636, 1638). Contrary to the defendants' contention, the plaintiff's expert neurologist adequately addressed the issue of degeneration and [*2]preexisting injuries raised by the defendants' experts (see Johnson v Cristino, 91 AD3d 604, 605-606; Park v Shaikh, 82 AD3d 1066, 1067). Moreover, the plaintiff's affidavit submitted in opposition to the defendants' motion adequately explained her gap in treatment. The plaintiff averred that she stopped treatment after her no-fault benefits were terminated and she could no longer afford to pay for treatment (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907; Abdelaziz v Fazel, 78 AD3d 1086, 1086; Tai Ho Kang v Young Sun Cho, 74 AD3d 1328, 1329-1330).
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court